## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MELISSA GRANADOS,**

     **Plaintiff,**

**v.**                                 **Case No.:**

**OTERO COUNTY SHERIFF'S
DEPARTMENT, JOSHUA R. SIDES,
JOHN EMORY, CITY OF ALAMAGORDO,
OTERO COUNTY NEU AGENTS DOES 1-3,
OTERO COUNTY SHERIFF'S DEPARTMENT
SUPERVISORS DOES 1-3, AND OTERO
COUNTY SHERIFF BENNY HOUSE,**             **JURY REQUESTED**

     **Defendants.**

### COMPLAINT FOR PERSONAL INJURIES AND CIVIL RIGHTS VIOLATIONS

Plaintiff, by and through her attorney, Law Office of Frances Crockett (Frances Carpenter), bring this civil rights complaint under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment of the United States Constitution, New Mexico Constitution, and the New Mexico Tort Claims Act for damages resulting from the illegal entry of Plaintiff's home, illegal search and seizure of Plaintiff, and assault and battery of Plaintiff by Defendant Joshua R. Sides.

### JURISDICTION, PARTIES, AND VENUE

1.     Jurisdiction and venue are proper as all of the parties reside in New Mexico and the acts complained of occurred exclusively within New Mexico. Jurisdiction and venue are proper pursuant to 42 U.S.C. § 1983 and 1988 and 28 U.S.C. § 1343.

2.     Plaintiff Melissa Granados (hereinafter "Plaintiff Granados") is a resident of Otero County, New Mexico.

3.     Defendant Joshua R. Sides (hereinafter "Defendant Sides") is an individual formerly employed by the Otero County Sheriff's Department as an officer.   At all material times, he was

acting in the course and scope of his employment and under color of state law.   Upon information and belief, Defendant Sides is a resident of Otero County, New Mexico.

4.     Defendant John Emory (hereinafter "Defendant Emory") is, upon information and belief, an individual employed by the Otero County Sheriff's Department as an officer.   At all material times, he was acting in the course and scope of his employment and under color of state law.

5.     Otero County Sheriff's Department (hereinafter "Defendant OCSD") is a law enforcement agency operating within the City of Alamagordo, County of Otero, State of New Mexico, and was at all times material hereto the employer of Defendants Sides and Does.

6.     Defendant City of Alamagordo is a municipality operating within the County of Otero.

7.     Defendants Otero County NEU Agents Doe 1-3 were individuals employed by the Otero County Sheriff's Department as officers.   At all material times, they were acting in the course and scope of their employment and under color of state law.

8.     Defendants Otero County Sheriff's Department Supervisors Does 1-3 were individuals employed by the Otero County Sheriff's Department as officers.   At all material times, they were acting in the course and scope of their employment and under color of state law.

9.     Defendant Sheriff Benny House is an individual employed by the Otero County Sheriff's Department as the Sheriff.   At all material times, he was acting in the course and scope of his employment and under color of state law.

## FACTS COMMON TO ALL COUNTS

1.     On October 13, 2014, five (5) members of the Otero County Narcotics Enforcement Unit (hereinafter "OCNEU"), including Defendant Sides, entered Plaintiff's home claiming they had an arrest warrant for Plaintiff, however never produced any valid warrant to enter her home.

2.     Plaintiff heard the officers trying to gain entry to her home and told them they could not come in as she had just gotten out of the shower and was wrapped in a towel.   She tried to close the door with one hand and held the towel with the other, however Defendant John Emory reached inside the door and put a handcuff on her wrist.

3.     Defendants Sides, Emory and Does 1-3, then illegally entered Plaintiff's home, forcing her into handcuffs despite her protests that she was naked and needed to put clothes on.   In fact, Defendant Emory laughed and joked to the other male officers, Defendant Sides and Defendants Does 1-3, that it was "hard to handcuff her…those tits are distracting me."   All of the officers surrounded her and watched her get dressed, all the while making lewd comments about her body in order to harass and intimidate her.   There was clearly no threat to them as she was naked and not armed.

4.     After her arrest, Plaintiff was taken to the Otero County Detention Center where Defendant Sides told her that she needed to keep in contact with him via text and phone. She believed this was related to her criminal case.   After roughly three days, Melissa's father paid $4,000.00 cash to bond her out.

5.     Sides told her while she was still in custody that she had 24 hours after her release to consider his deal to be an informant.   He obtained her cell phone number and thereafter began to text and call her.   Melissa informed him that she did not want to be an informant.   She never did any informant work for him or the Otero County Sheriff's Office.   However, it was later learned

3

that her charges were dismissed after Sides wrote a letter that stated she agreed to confidentially assist Otero County NEU and that she had satisfactorily assisted them.   As a result, her charges were dropped.

6.      In the days and weeks that followed, Defendant Sides asked her to engage in a sexual relationship with him.   She consented to this relationship under duress always feeling afraid of him.   Following her entry into a sexual relationship with Defendant Sides, Plaintiff learned that law enforcement was no longer considering seeking criminal charges against her.   Ms. Granados did not ask for this action, but is aware that Defendant Sides had something to do with the decision to not pursue charges as he told her that he got her charges "taken care of."

7.      In the months that followed, Plaintiff and Defendant Sides were engaged in a relationship.   Sides was removed from working with Otero County NEU and put back on patrol. He told Melissa that he wanted to leave and work for Farmington Police and wanted her to move with him. Sides became increasingly controlling and began to act in very disturbing ways. For example, he sent her a picture message via phone that contained an image of him choking her dog. On another occasion she arrived to find him already inside of her home.   She is still unaware as to how he gained entry into her home on these occasions.   He told her that he was going to have her pulled over.   She finally decided to tell him to leave her alone.

8.      Defendant Sides' attack on Ms. Granados occurred after she ended her relationship with him.   She was first attacked by Defendant Sides on January 11, 2016.   He texted her and told her he wanted to see her.   He came to the back door and immediately grabbed her by her arms.   He then head butted her and pulled her to the ground.   He pulled her back up and acted as if they were just playing around.   Melissa's nephew was present during this time.   Sides left the home but called her and while still on the phone with her he came back and entered the house.   They

4

exchanged heated words and he left.   Of note is that she reported the assault and battery to the Otero County Sheriff's Department.   No action was taken to investigate the attack of January 11 in response to her initial call for help to the Otero County Sheriff's department.

9.      OCSD Detective David Hunter confirms that Ms. Granados called and reported the January 11th incident.

10.      On January 12, 2016, Defendant Sides once again attacked Plaintiff who had just arrived home when he pulled in behind her car.   He followed her inside her home without knocking or asking for permission.   She admits that she pushed him out the door and yelled at him to leave.   He would not leave.   They were inside the living room/bedroom area and she was standing near the foot of her bed when Defendant Sides hit her and she fell to the ground.   She believes she was knocked out for a brief moment of time.   She could not recall how he hit her, but that he used an object similar to a small baton which pierced her face.   This object left permanent damage to her face.   Upon information and belief, she understands this item to be a tactical device commonly used by law enforcement officials to break car windows.   Melissa's nephew heard a thud and ran in to check on her only to find Defendant Sides standing over her with his arm pulled back as if he was going to or had just struck her.   In fear, her nephew ran into his room.   When Melisa regained consciousness she recalls Defendant Sides calling her name and that he was on the ground cleaning up her blood.   She said she tried to stand and was very dizzy.   She told him to leave and he did.

11.      Again, Ms. Granados called law enforcement/Detective Hunter to report this second attack by Deputy Sides.   Detective Hunter informed her he would come to her home the next day which he did not do. She later learned that he went to her place of employment looking for her. Despite her two attempts to have Detective Hunter help her and investigate what happened, he

5

never called for an ambulance, responded to her call at all, or sent anyone out to take photographs of her injuries or her home where Sides had worked so feverishly to clean up the blood while Melissa lay unconscious on the floor.

12.     Roughly three or four days after her attack, Plaintiff was finally contacted by Commander LaSalle of the Otero County Narcotics Enforcement Unit, as well as other law enforcement officers of the named agencies.   At all times, these contacts appeared to minimize the conduct of Defendant Sides and make improper accusations against Ms. Granados.   The referenced agencies and their employees did not appear to follow up on her requests for investigation, and showed up, without warning, at her home multiple times since and without warrants to gather alleged evidence, including DNA from Ms. Granados.   She has been intimidated by these contacts, which have been conducted by the Otero County Narcotics Enforcement Unit, all of whom were the same officers who previously watched her change clothes as part of their pattern of harassment when they entered her home in October of 2014 without a warrant.   Of note, is that none of the officers ever took pictures of her obvious injuries.

## FIRST CAUSE OF ACTION
### NEGLIGENT INVESTIGATION RESULTING IN BATTERY - NMSA 1978 § 41-4-12 (Defendants OCSD John Does Supervisors 1-3, Defendant OCSD, and Defendant Sheriff Benny House)

13. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

14. Police officers are liable for battery and personal injuries resulting from the "deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." NMSA 1978 § 41-4-12.

15. All police officers have a duty "to investigate all violations of the criminal laws of the state which are called to the attention of any such officer or which he is aware, and it is also declared the duty of every such officer to diligently file a complaint or information, if circumstances are such to indicate to a reasonably prudent person that such action should be taken."   NMSA 1978 § 29-1-1.

16.  "Law enforcement officers are liable for harm caused by the negligent performance of their statutory duty to investigate crimes." *Torres v. State*, 1995-NMSC-025, ¶ 20, 119 N.M. 609, 894 P.2d 386.

17. Defendants OCSD John Does Supervisors 1-3, Defendant OCSD, and Defendant Sheriff House breached their duty to investigate and attempt to apprehend Sides.

18. The risk that Sides would victimize other women, including Plaintiff, was foreseeable.

19. Defendants OCSD John Does Supervisors 1-3, Defendant OCSD, and Defendant Sheriff House's failure to diligently investigate reported crimes committed by Sides and to apprehend Sides caused Plaintiff to suffer injury.

## SECOND CAUSE OF ACTION
## SEX DISCRIMINATION RESULTING IN BATTERY- VIOLATION OF THE NEW MEXICO CONSTITUTION, ARTICLE II, § 18- NMSA 1978 § 41-4-12 (All Defendants)

20. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

21. Police officers are liable for battery and personal injury resulting from the "deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." NMSA 1978 § 41-4-12.

22. The New Mexico Constitution forbids discrimination on the basis of sex.   N.M. Const., Art. II, § 18.

23. Defendants must not conduct their investigations in a manner that discriminates against women.

24. Defendants' illegal entry to Plaintiff's home and then the subsequent investigation of her wherein she was required to drop her towel and stand naked while Joshua R. Sides, John Emory, Otero County NEU Agents Does 1-3, made remarks about her naked body including but not limited to her breasts and that they couldn't get the handcuffs on her because they were distracted by her breasts discriminated against Plaintiff on the basis of her gender as a woman.

25. Defendants' failure to conduct thorough investigations into reports of battery on a woman, rape, and sex crimes discriminates against women.

26. Defendants' failure to arrest people who have been accused of battery of a woman, rape, and sex crimes when there is evidence to support such an arrest discriminates against women.

27. Allowing people who have been reported for committing battery against a woman, rape, and sex crimes to go unpunished allows offenders to go on to commit more sex crimes.

28. This puts women at a greater risk of being victimized by these offenders.

29. The way Defendants investigate and apprehend people accused of battery on a woman and sex crimes discriminates against women.

30. Defendants failed to conduct a thorough investigation into prior reports of battery of a woman, rape, and sex crimes committed by Sides.

31. The risk that Sides would victimize other women, including Plaintiff, was foreseeable.

32. Plaintiff was the victim of sex discrimination by Defendants.

33. Defendants' sex discrimination as stated herein caused Plaintiff to suffer injury.

34. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

8

## THIRD CAUSE OF ACTION
## EXCESSIVE AND UNNECESSARY USE OF FORCE (Defendant Sides)

35. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

36. Melissa Granados had a Constitutional right to be free of excessive and unnecessary force. Defendant Sides violated Plaintiff's Constitutional right to be free of excessive and unnecessary use of force by unlawfully seizing her and causing her injuries.

37. As a proximate result of Defendant Sides' conduct as set forth above, Plaintiff has suffered damages including loss of enjoyment of life, lost earning capacity, pain and suffering, and future medical care costs related to the injuries sustained.

38. Defendant's conduct was willful, wanton, malicious, and in utter disregard and indifference for Melissa Granados' legal rights, warranting imposition of punitive damages.

39. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

## FOURTH CAUSE OF ACTION
## STATE TORT CLAIMS
## (ASSAULT, BATTERY, FALSE ARREST, AND FALSE IMPRISONMENT)
### (Defendants Joshua R. Sides, John Emory, Otero County NEU Agents Does 1-3, Otero County Sheriff's Department Supervisors Does 1-3, Otero County Sheriff's Department and Sheriff Benny House)

40. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

41. Plaintiff properly notified Defendants and related agencies of their intent to sue as required by the Tort Claims Act, preserving their state law claims.

42. The actions of Defendants were not justified or privileged under state law.

43. Defendants were acting within the scope of their duties as police officers at the time of the

incidents.

44. Defendants Joshua R. Sides, John Emory, Otero County NEU Agents Does 1-3, Otero County Sheriff's Department Supervisors Does 1-3, and Otero County Sheriff's Department and Sheriff Benny House assaulted, falsely imprisoned, seized Melissa Granados, and deprived her of rights, privileges, and immunities secured as a matter of State and Federal Constitution.

45.  The above-described actions by Defendants constituted a battery upon her within the meaning of Section 41-4-12 of the New Mexico Tort Claims Act.

46. Defendant Sides' excessive and unnecessary use of force against Melissa Granados, constitutes assault and battery.

47. Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Melissa Granados' legal rights, warranting imposition of punitive damages.

48. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT HIRING AND RETENTION**
**(Defendants Otero County Sheriff Department, City Of Alamogordo, Otero County Sheriff's Department Supervisors Does 1-3, and Sheriff Benny House)**

49. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

50. Defendants were negligent in the hiring, training, supervision and retention of Joshua Sides who assaulted and battered Melissa Granados.

51. Defendants were negligent in the hiring, training, supervision and retention of Joshua Sides, John Emory, and Otero County NEU Agents Does 1-3 who committed the acts against

Plaintiff as stated herein.

52. Defendant's negligence includes all things stated herein but not limited to:

    a.  Inadequate screening, including inadequate mental health screening, of Joshua Sides, John Emory, and Otero County NEU Agents Does 1-3  as prospective employees and failure to perform adequate "fit for duty" evaluations;

    b.  By recommending Joshua Sides, John Emory, and Otero County NEU Agents Does 1-3 for certification, thereby violating NMSA § 29-7-6A(6)-(7),   requiring evidence that the law enforcement candidate, "after examination by a certified psychologist, is free of any emotional or mental condition that might adversely affect his performance as a police officer…" and requiring that the candidate "is of good moral character."   Defendants failed to recommend "…only mentally stable police officers."  *Narney v. Daniels*, 115 N.M. 41, 346 P.2d 347 (Ct. App. 1992).

    c.  Inadequate management, training, and enforcement of policies regarding citizen encounters, proper police work, and knowledge of the law related to the use of force that Defendant Joshua Sides, John Emory, and Otero County NEU Agents Does 1-3 had been given the privilege to enforce;

    d.  Placement and retention of Defendant Joshua Sides, John Emory, and Otero County NEU Agents Does 1-3 who illegal entered the home where she was, illegally seized Plaintiff, discriminated, assaulted and battered Plaintiff in a direct community service and law enforcement position; and

    e.  Inadequate supervision of Defendant Joshua Sides, John Emory, and Otero County NEU Agents Does 1-3 who committed the unlawful acts against Plaintiff.

53. As a proximate result of Defendants' negligence in hiring, training, supervision and

retention of Officers such as Joshua Sides, John Emory, and Otero County NEU Agents Does 1-3, Plaintiff has suffered damages.

## SIXTH CAUSE OF ACTION
## FOURTH AMENDMENT CLAIM (UNREASONABLE SEIZURE)
### (Defendants Joshua R. Sides, John Emory, Otero County NEU Agents Does 1-3, Otero County Sheriff's Department Supervisors Does 1-3, And Sheriff Benny House)

54. Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

55. Plaintiff has and had a Fourth Amendment right to be free of unreasonable seizures.

56. Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

57. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiff suffered damages as set forth herein.

58. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

59. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

## SEVENTH CAUSE OF ACTION
## FOURTH AMENDMENT CLAIM (WARRANTLESS ILLEGAL ENTRY OF HOME AND SEARCH OF HOME)
### (Defendants Joshua R. Sides, John Emory, Otero County NEU Agents Does 1-3, Otero County Sheriff's Department Supervisors Does 1-3, And Sheriff Benny House)

60. Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein, as though fully set forth here.

61. Plaintiff has a Fourth Amendment right to be free of unreasonable and warrantless entry and searches of her home.

62. Defendants violated Plaintiff's Fourth Amendment right to be free of unreasonable and warrantless entry and searches of her home.

63. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiff damages.

64. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

65. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

### PRAYER FOR RELIEF

Plaintiff has suffered the following damages:

   a.  Physical harm and damage.

   b.  Severe mental and emotional trauma and medical care costs.

   c.  Permanent scarring and disfigurement of her face.

   d.  Physical and mental pain and suffering.

   e.  Loss of self-esteem, loss of friendship, and loss of trust.

   f.  Fear and anxiety.

   g.  Future medical care costs.

**WHEREFORE,** Plaintiff prays for the following relief:

   a)  For compensatory damages;

   b)  For punitive damages in an amount sufficient to deter the type of malicious conduct complained of herein against Defendants

   c)  For attorneys' fees and costs; and,

   d)   For pre-and post-judgment.

Respectfully Submitted by:

**LAW OFFICE OF FRANCES CROCKETT**

*/s/ Frances C. Carpenter*
Frances C. Carpenter
925 Luna Circle NW
Albuquerque, NM 87102
Office: 505.314.8884
frances@francescrockettlaw.com
*Attorney for Plaintiff*